**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENN WILLIAMS, | ) | CASE NO. 5:09CV632 |
| | ) | 5:05CR474 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM AND OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Glenn Williams' *pro se* Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court has been advised,

having reviewed the petition and the record in Williams' criminal case.  For the reasons set forth

below, Petitioner's motion is DENIED.

**I. Facts**

The underlying facts of Williams' convictions for possession of a controlled substance with

intent to distribute and being a felon in possession of a firearm are laid out in detail in *U.S. v.*

*Williams*, 272 Fed. Appx. 473 (6th Cir. 2008).  Of relevance to this matter are the following facts:

> In 2005, Detective James Daniel, assigned to the Canton Police Department's vice
> unit and responsible for investigating drug complaints and undercover operations of
> drug purchases, received "[t]wo or three" complaints of illegal drug activity
> occurring at 1539 Bryan Avenue in Canton, Ohio. Daniel followed these complaints
> by speaking with a confidential informant ("CI"), who told him that the resident of
> the Bryan Avenue home sold crack cocaine from the house. The CI provided reliable
> information to a different detective during prior unrelated investigations.
>
> Daniel began surveillance on Bryan Avenue on July 22, 2005, watching the house on
> ten separate dates. During this period, Daniel observed "people stopping basically for
> short times, many short trips to the residence," which was consistent with his past
> observations of other houses used to sell crack cocaine. Daniel then used the CI to
> conduct three controlled purchases of crack cocaine at the Bryan Avenue house. The
> informant identified Williams as the seller. A search of Williams's criminal history
> revealed that Williams had been convicted of aggravated robbery in 1997 and later

charged, though not prosecuted, for felonious assault and discharging a weapon into a home or school.

Based on this information, Daniel requested a search warrant for the Bryan Avenue house. Because of Williams's criminal history, and because Daniel's experience had informed him that people who sell crack cocaine often carry firearms and present a danger to police officers, Daniel sought a no-knock warrant. The affidavit stated that Daniel performed surveillance and assisted in the controlled buys from July 22, 2004, until August 16, 2004. The Canton Municipal Court granted Daniel's request for the warrant.

*Id.* at 474.

On March 23, 2009, Williams filed the instant petition.  In his petition, Williams claims that his trial counsel was ineffective during the suppression stage of his trial.  Williams raises six different issues in this regard, labeling those issues A through F.  Issues A through C all revolve around the alleged failure of the affidavit to establish the reliability of a confidential informant.  Issue D contends that probable cause was not established because no drug testing was done.  Issue E claims ineffectiveness for failing to request a *Franks* hearing.  Finally, Issue F claims ineffectiveness for failing to challenge an alleged *Miranda* violation.  The Court reviews each of Williams' contentions.

**II. Law and Analysis**

The standard for ineffective assistance of counsel is a two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that his counsel's performance was deficient.  *Id.* at 687.  Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."  *Id.*  Second, Petitioner must show that his counsel's deficient performance actually

2

prejudiced his defense.  *Id.*  To do so, Petitioner must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable.  *Id.*

A. Counsel's Failure to Challenge the Reliability of the Informant

Williams' Issues A, B, and C each challenge his trial counsel's failure to challenge the reliability of the confidential informant.  The Court finds no merit in this argument.

The Court initially notes that "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable."  *U.S. v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001).  This is true even if "the affidavit fails to indicate the specific interaction the confidential informant had with law enforcement officials[.]"  *Id.*  In the affidavit at issue, the detective identifies CI 370 as a "reliable, confidential informant."  Accordingly, the Court cannot say that counsel erred in failing to challenge the reliability of the informant.

Furthermore, even assuming that counsel should have tested the reliability of the CI, Williams cannot show prejudice from this error.  Disregarding any statements made by the CI, it is clear that the affidavit established probable cause to search the address at issue.  The affidavit indicates that a controlled buy was executed on July 27, 2005.[1]  At that time, the CI entered the residence after being given currency by the detective and after being searched to verify that he had no contraband on his person.  The CI then emerged from the residence in possession of crack cocaine.  Two more controlled buys were executed on August 1, 2005 and August 16, 2005.  Throughout this time period, the detective conducted surveillance of the home.  The surveillance

---

[1]The Court notes that the affidavit states "July 27, 2004," but the issue of the date properly being "2005" has previously been resolved.

3

revealed repeated vehicle and foot traffic that were consisted with the sale of drugs.  Accordingly, there is no question that the affidavit established probable cause, without any need to establish the reliability of the CI.

Finally, the Court notes that the Sixth Circuit has previously indicated that any failure in meeting the probable cause standard in this matter would not have led to suppression.  Rather, the *Leon* good faith exception would have applied  *See Williams*, 272 Fed. Appx. At 476, n.1. Accordingly, Williams can demonstrate neither error, nor prejudice from his counsel's alleged failure to challenge the reliability of the CI.

### B. Counsel's Failure to Challenge the Lack of Field Testing

Williams next contends that his trial counsel erred when he failed to argue that the lack of field testing of the crack cocaine should have negated a finding of probable cause.  In support of his argument, Williams cites to *U.S. v. Pinson*, 321 F.3d 558 (6th Cir. 2003).  *Pinson* found probable cause existed when "the affidavit ... contained Officer Mackall's personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant were later tested positive for cocaine base." *Id.* at 563.  Contrary to Williams' argument, nothing in *Pinson* suggests that drug testing must be performed for probable cause to exist.  Furthermore, a review of the case law does not support any argument that drug testing must be performed in order to form probable cause.  Williams' argument that his counsel was ineffective for raising this argument, therefore, is without merit.

### C.  Counsel's Failure to Request a *Franks* Hearing

There are specific factors that must be present in order to mandate that this Court hold a *Franks* hearing.

4

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978). Williams contends that he was entitled to a *Franks* hearing because the detective testified that he was unaware of any of the prior cases or the results of any of the prior cases involving the CI at issue. The Court finds no merit in this contention.

Contrary to Williams' contentions, there is no evidence of any kind that the detective gave false information or recklessly disregarded the truth. Instead, the evidence reflects that the detective used a CI that had been found reliable by other officers. The fact that the detective did not inquire of his fellow officers regarding the circumstances of the CI's prior use is of no consequence. It certainly does not evidence false testimony by the detective. Accordingly, Williams' counsel was not in error when he declined to request a *Franks* hearing.

D. Counsel's Failure to Raise a *Miranda* Challenge

In his subpart F, Williams challenges his counsel's failure to attempt to suppress the statement he gave after being handcuffed by officers. Williams' assertions stand in stark contrast to the record. The record reflects that Williams' counsel challenged the exact statements that Williams contends he did not. Furthermore, the Sixth Circuit expressly ruled on this issue in Williams' direct appeal.

> It is evident from this context that Davis's question was not posed as an investigatory interrogation, but rather as an attempt to prevent Williams from gaining access to a dangerous weapon. Accordingly, we hold that the district court did not err in denying

5

Williams's motion to suppress his statement and evidence of the officer's discovery of the firearm underneath the couch.

*Williams*, 272 Fed. Appx. at 478.  Having raised this precise issue on direct appeal, Williams is precluded from raising it again herein.  Furthermore, the Circuit has already determined that Williams' claimed error lacks merit.  This Court agrees.

Finally, Williams' apparent second ground for relief is nothing more than a general challenge to the finding that probable cause existed to support the warrant.  As detailed above, the affidavit was more than sufficient to establish probable cause.  Accordingly, Williams' second ground for relief also lacks merit.

**III. Conclusion**

For the reasons stated above, Petitioner Glenn Williams' Motion to Vacate, Set Aside, or Correct Sentence pursuant to  28 U.S.C. § 2255 is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


 June 24, 2009                              */s/ John R. Adams*
Date                                        John R. Adams
                                            U.S. District Judge

6